```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

THOMAS L. ADAMS,

        Petitioner,

v.                      Case No. 3:17-cv-509-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

1. Before the Court is Petitioner's "Request to Take Judicial Notice" (Doc. 13; Motion for Judicial Notice). In the Motion for Judicial Notice, Petitioner asks the Court to take judicial notice of three documents: (a) his "Motion for Rehearing," filed in the Fourth Judicial Circuit in and for Clay County, Florida; (b) his Initial Brief filed in the First District Court of Appeal on or about February 10, 2017; and (c) a letter he received from John A. Tomasino, Clerk of the Florida Supreme Court, dated February 6, 2018. See Motion for Judicial Notice at 2-3.

In their response to Petitioner's Motion for Judicial Notice (Doc. 27; Response),[1] Respondents state that they have filed as exhibits in support of their response to the habeas petition (Doc.

---

[1] Defendants respond to the Motion for Judicial Notice (Doc. 13) and two additional motions under this Court's review (Docs. 19, 21). Thus, when the Court addresses the additional motions, it will continue to cite to the "Response," as appropriate.

1; Petition) two of the documents referenced in Petitioner's Motion for Judicial Notice: (a) and (b). See Response at 2. They have not provided the third document (c), however, because it "was not a part of the sate court records in this case." Id.[2] Mr. Tomasino's letter is a response to Petitioner's complaint, via letter, that he believes the state court plea and sentencing hearing transcript is "flawed." See Motion for Judicial Notice at 3. Mr. Tomasino stated, "[t]he Court will not investigate this matter and instead will rely on the legal system to review any alleged improprieties" (Doc. 13-3).

Accordingly, Petitioner's Motion for Judicial Notice (Doc. 13) is **DENIED as moot** with respect to documents (a) and (b). With respect to document (c), the Motion for Judicial Notice is **DENIED**. The letter is not a part of the state court record, and Petitioner has not shown that it is relevant to the Court's consideration of his habeas claims.

2. Before the Court is Petitioner's Motion for Leave to Engage in Discovery (Doc. 19; Discovery Motion), and a supplement (Doc. 21; Supplement) supported by two exhibits. In his Discovery Motion, like in his Motion for Judicial Notice, Petitioner seeks relief because he believes that the plea and sentencing hearing transcript is incorrect. See Discovery Motion at 1. He seeks leave

---

[2] The letter is dated February 6, 2018, after the state proceedings were concluded.

2

to propound interrogatories on court reporter Angela Mathis "to determine the cause of the current gross transcription [errors], omissions and unfound[ed] insertions now present in [the] transcripts."[3] See Discovery Motion at 1-2. Petitioner states the interrogatories would be limited to Ms. Mathis' certification of the transcript and "any anomalies she encountered in her stenographic notes or the electronic recording of [his] plea and sentencing hearing." See id. at 2.

Petitioner does not explain how the transcript is incorrect, though the two exhibits he filed with his Supplement (Docs. 21-1, 21-2) purportedly demonstrate his need to engage in discovery. One exhibit is a letter Petitioner wrote to the Florida Supreme Court Clerk of Court (Mr. Tomasino) asking that his office investigate "the blatantly false certification of Ms. Mathis," the court reporter (Doc. 21-2; Supp. Ex. B). He claims that it would have been impossible for her to have transcribed the plea and sentencing hearing because she was not present in the courtroom "and there was no digital recording of the event."[4] See Supp. Ex. B at 3.

---

[3] Petitioner references the transcript in the plural, though he provides as an exhibit only one transcript of the plea and sentencing hearing, dated October 10, 2016. See (Doc. 21-1). It appears this is the only transcript at issue, and there was only one plea and sentencing hearing, which occurred on September 10, 2015. Id.

[4] Petitioner does not indicate in his Discovery Motion or Supplement why he believes the hearing was not recorded. However, in a subsequent filing (Doc. 25), Petitioner states the following:

3

The other exhibit is the Florida Supreme Court Clerk's response to Petitioner's Letter (Doc. 21-1; Supp. Ex. A). The Clerk informed Petitioner that Florida Statutes § 25.383 imposes an obligation on the Florida Supreme Court to oversee court reporters, though the legislature did not fund the program. See Supp. Ex. A at 2. Thus, the Clerk was "unable to forward [his] correspondence to a regulatory body for further review and investigation." Id.

It appears that because the Florida Supreme Court Clerk was unable to investigate Petitioner's assertions that the plea and sentencing transcript is flawed, Petitioner seeks to engage in his own investigation by invoking Rule 6 of the Rules Governing § 2254 cases (Rule 6). Rule 6(a) provides that a court "may, for good

---

"Petitioner and his sister . . . zealously attempted to obtain copies of Petitioner's plea and sentencing transcripts (or the electronic recording) . . . before filing the rule 3.850 motion, but were informed (in writing) and assured . . . they did not exist—in any format." The documentation Petitioner provides to show that he was informed, in writing, that an electronic recording does not exist does not in fact support Petitioner's assertion. For instance, an assistant state attorney wrote to Petitioner's sister, stating that "there are no transcripts from any prehearings, trial, or sentencing." See (Doc. 25-2) at 10. There is no indication in this letter, or the other correspondence Petitioner provides, that anyone stated that the plea and sentencing hearing was not electronically recorded. Moreover, Petitioner's suggestion that the hearing was not recorded is belied by his own statement in his motion for rehearing, which he provides as an exhibit in support of his Motion for Judicial Notice (Doc. 13-1; Rehearing Motion). In his motion for rehearing, dated November 14, 2016, Petitioner states, "[t]here was not a court reporter in the courtroom when Adams was sentenced. The only record was the audio." See Rehearing Motion at 3 (emphasis added).

4

cause, authorize a party to conduct discovery." However, the Supreme Court has made clear that "[a] habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). The decision to grant or deny a request to engage in discovery is vested in the sound discretion of the district court. See Rule 6(a) Advisory Committee Notes. See also Bracy, 520 U.S. at 909.

A habeas petitioner seeking to engage in discovery demonstrates "good cause" when the evidence sought "would raise[] sufficient doubt about [his] guilt." Arthur v. Allen, 459 F.3d 1310, 1310 (11th Cir. 2006) (internal quotations omitted) (alterations in original). It is not sufficient to hypothesize or speculate that the requested discovery may support his petition or may be relevant to the claims raised. Id. at 1311 ("[D]iscovery cannot be ordered on the basis of pure hypothesis.").

Upon review, the Court finds that Petitioner has not shown "good cause" to engage in discovery. Petitioner's assertion that the transcript of his plea and sentencing hearing contains "gross . . . err[ors]" is mere speculation. He reaches this speculative conclusion based on his mistaken belief that the plea hearing was not audio recorded. See Supp. Ex. B at 3. To the extent Petitioner asserts that any interrogatories to Ms. Mathis would be limited to her certification of the transcript and "any anomalies she encountered" while preparing the transcript, the Court finds

5

persuasive Respondents' assertion that the transcript of the plea hearing is "self-authenticating." See Response at 9 (citing § 90.108(2), Fla. Stat.). "The report of a court reporter, when certified to by the court reporter as being a correct transcript of the testimony and proceedings in the case, is prima facie a correct statement of such testimony and proceedings." See § 90.108(2), Fla. Stat.

The relevant transcript (Doc. 25-1; Transcript)[5] includes the following introductory language indicating that Ms. Mathis was the court reporter who transcribed the proceedings:

> Proceedings before the Honorable Don H. Lester, Circuit Judge at the Clay County Courthouse . . . on Thursday, September 10, 2015,[6] commencing at 1:35 p.m., as recorded by Angela M. Mathis, Registered Professional Reporter, Florida Professional Reporter, and Notary Public in and for the State of Florida at Large.

See Transcript at 2.[7] Moreover, the transcript contains the following certification, signed by Angela M. Mathis:

---

[5] Petitioner provided only a few pages of the transcript with his Supplement. He provided the complete transcript as an exhibit with a later filing (Doc. 25). Thus, the Court will cite to that document.

[6] Page numbers reflect the pagination assigned by the Court's CM/ECF docketing system, which are found at the top of each page.

[7] The transcript was generated on October 10, 2016. The plea and sentencing hearing occurred approximately one year before, on September 10, 2015. Respondents note in their response to Petitioner's Discovery Motion that the plea hearing was not transcribed immediately because Petitioner did not file a direct

6

> I, Angela M. Mathis, Registered Professional Reporter and Florida Professional Reporter, hereby certify that I was authorized to and did stenographically report the foregoing proceedings and that the transcript is a true and complete record of my stenographic notes.

See id. at 17. Petitioner offers no valid basis upon which to question the authenticity of the transcript or Ms. Mathis' certification. He also does not state, in his Discovery Motion or Supplement, how or why the transcript is substantively incorrect such that it would raise doubt about his guilt.

Petitioner, in a later filing, however does itemize the alleged errors in the transcript (Doc. 26; Petitioner Affidavit). The ten alleged errors he identifies, however, do not raise doubt about his guilt. See Arthur, 459 F.3d at 1310. He does not object to the entire transcript or to the portion where he tenders, under oath, his plea colloquy. Rather, he identifies as errors only those portions of the transcript in which the judge asks him to confirm his understanding that he would be labeled a sexual predator if he pleaded guilty to the charges. See Petitioner Affidavit at 2-3; Transcript at 6-7, 8.[8] (Petitioner maintains he was not advised,

---

appeal. See Response at 9. According to the state court docket, which Respondents filed in support of their response to the habeas petition (Doc. 22-1; Ex. D), Petitioner filed a motion for post-conviction relief on July 20, 2016. The transcript was docketed on October 12, 2016, and the trial court denied the motion for post-conviction relief on October 28, 2016. See Ex. D at 10.

[8] Some of Petitioner's objections to the contents of the transcript seem to be about word usage and not necessarily substance. For

7

by either the judge or his counsel, that his plea would result in a sexual predator designation. See Petitioner Affidavit at 2-3.) However, Petitioner's written plea agreement (Doc. 22-1; Ex. F), which Petitioner acknowledged at the plea hearing bears his initials and signature, see Transcript at 8, informs him of the sexual predator designation. Specifically, it says, "I understand that as a result of this plea I shall be designated a Sexual Predator . . . [and] I am Not Eligible to petition this Court to remove [the] requirement that I register as a . . . sexual predator." See Ex. F at 17.

To the extent Petitioner believes he was ill-advised about the implications of his plea, he fails to demonstrate "good cause" that he should be granted leave to propound interrogatories on the court reporter who transcribed the proceedings. Not only is the "sexual predator designation" referenced elsewhere in the record, as noted, Petitioner does not identify which ground of his Petition the requested information would support. In addition, his suggestion that the transcript is flawed is no more than speculation. Thus, he has failed to demonstrate "good cause" to permit him to propound interrogatories on Ms. Mathis to question

---

example, the transcript reflects that Petitioner's attorney stated that Petitioner's plea was one "of convenience." According to Petitioner, his attorney actually said, "this is a best interest plea." See Petitioner Affidavit at 2.

8

the authenticity of the transcript, the certification of which constitutes prima facie evidence that the transcript is correct. See § 90.108(2), Fla. Stat. Thus, Petitioner's request to propound interrogatories on Ms. Mathis is due to be denied.

Petitioner also seeks leave to propound requests for production from "official reporters, inc. [sic] of transcriptions of two pre-plea hearing [sic] from his state criminal trial court proceedings of August 31, 2015 and September 3, 2015." See Discovery Motion at 2. Petitioner does not state what the transcripts would demonstrate other than to say that they would support ground 3 of his Petition. Id. Respondents refer the Court to the state court docket sheet, which they attach in support of their habeas response (Doc. 22-1; Ex. D). According to the state court docket, hearings were held on August 31, 2015 and September 3, 2015, though there is no indication that the hearings were transcribed. See Ex. D at 11 (docket entries 75, 76); see also Response at 11. Because the transcripts were not made part of the state court record, they are not to be considered by this Court in its review of the Petition. See Pope v. Sec'y, Fla. Dep't of Corr., 752 F.3d 1254, 1263 (11th Cir. 2014) (emphasizing that a federal court's review in a habeas case brought under § 2254 "is limited to the record that was presented to the state post-conviction court").

Accordingly, Petitioner's Discovery Motion (Doc. 19), including the Supplement (Doc. 21), is **DENIED**.

3. Petitioner's Reply[9] to Respondents' Response to Petitioner's (1) Request to Take Judicial Notice, (2) Motion for Leave to Engage in Discovery, and (3) Motion to Supplement Pending Leave to Engage in Discovery (Doc. 28) is **STRICKEN**. This Court's Local Rules do not permit the filing of replies absent leave of Court. See M.D. Fla. R. 3.01(c), Local Rules of the United States District Court for the Middle District of Florida. Petitioner did not seek leave to file the reply.

4. Petitioner's Motion to Correct the Record or Expand the Record or to Stay the Proceedings (Doc. 25; Motion to Correct) is **DENIED**. In the Motion to Correct, Petitioner seeks similar relief to that sought in the Discovery Motion and Supplement. He seeks "correction of [the] state court transcript of plea and sentencing proceedings and entry of transcripts of Petitioner's pre-plea hearings of August 31, 2015, and September 3, 2015." See Motion to Correct at 1. To the extent Petitioner cites Federal Rule of Civil Procedure 60(a) ("Corrections Based on Clerical Mistakes"), that rule is not applicable. Rule 60 provides a means for a district court to correct its own orders, judgments, or record.

---

[9] The Court's docket reflects that document 28 is a reply to the Response to the Habeas Petition. See (Doc. 28). In fact, document 28 is a reply to Respondents' Response (Doc. 27). The Court requests the **Clerk** to update the docket accordingly.

Furthermore, Petitioner is not entitled to relief under Rule 7 of the Rules Governing § 2254 cases (Rule 7). As noted above, this Court's review is limited to the record before the state court. See Cullen v. Pinholster, 563 U.S. 170, 181-82 (2011) ("[T]he record under review is limited to the record . . . before the state court."); see also Pope, 752 F.3d at 1263. Thus, the Court must examine the transcript of the plea and sentencing hearing that the state court considered and may not consider additional transcripts that were not provided as evidence in the state court.

Of note, Petitioner does not indicate how or why the pre-plea hearing transcripts would demonstrate that his Petition has merit. The state court record, provided by Respondents, contains the certified transcript of the plea and sentencing hearing at which Petitioner pled guilty. Petitioner does not object to portions of the transcript in which he was sworn by the Clerk, tendered his "plea of guilt to two counts of . . . Attempted Capital Sexual Battery," and recognized that his plea would mean he would not proceed to trial the following week and would result in a lesser prison sentence than the minimum to which he would be confined if convicted at trial. See Transcript at 6-7.

To the extent Petitioner maintains that he was provided ineffective assistance of counsel, the Court will consider the relevant facts and arguments when it rules on the merits of the

Petition (Doc. 1) based on the Response (Doc. 22) and Reply (Doc. 30). The Petition is now ripe for this Court's review.

5. Petitioner's Motion to Stay the Proceedings (Doc. 24) is **DENIED as moot**. Petitioner has filed his Reply. See Petitioner's Reply (Doc. 30). A request to stay the proceedings pending the Court's ruling on the above-referenced motions is now moot.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of October, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Thomas L. Adams, #J53827
Counsel of Record